AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED
07 AUG 23 PM 4:37

DEFENDANT - U.S.
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
▶ LAWTON JOSHUA

DISTRICT COURT NUMBER
CR 07 0555 WHA

--- OFFENSE CHARGED ---

VIOLATIONS: 18 U.S.C. § 1341 - Mail Fraud (Ten Counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
20 years imprisonment; $250,000 fine; 3 years supervised release; $100 special assessment.

--- PROCEEDING ---

Name of Complaintant Agency, or Person (&Title, if any)
Housing & Urban Development (HUD)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

Name and Office of Person Furnishing Information on THIS FORM    SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  Erika R. Frick

--- DEFENDANT ---

IS NOT IN CUSTODY

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☑ Initial Appearance
Defendant Address:
1699 Wortell Drive
Lincoln, CA 95648

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 09/13/2007 at 9:30 a.m.

Before Judge: Hon. Elizabeth D. Laporte, U.S. Magistrate Judge

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

FILED
AUG 23 PM 4:37
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR 07 0555 WHA

UNITED STATES OF AMERICA,

v.

LAUTON JOSHUA, a/k/a Lauton Wells, a/k/a
Lauton Trumbo, a/k/a Lauton Joshua Wells
and HELEN LOWE

DEFENDANT.

## INDICTMENT

18 U.S.C § 1341 - Mail Fraud (Ten Counts); 18 U.S.C.
§ 981 (a)(1)(c) and 28 U.S.C. § 2461 (c) - Criminal
Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this 23rd day of
Aug. 2007

KAREN L. HOM
_____
Clerk

JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

Bail, $ summons

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

VIOLATIONS: 18 U.S.C. § 1341 - Mail Fraud (Ten Counts); 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
20 years imprisonment; $250,000 fine; 3 years supervised release; $100 special assessment.

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED AUG 23 PM 4:31
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**
▶ HELEN LOWE

DISTRICT COURT NUMBER
WHA

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Housing & Urban Development (HUD)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
**SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  Erika R. Frick

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☑ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
70 Alviso St.
San Francisco, CA 94127

Date/Time: 09/13/2007 at 9:30 a.m.
Before Judge: Hon. Elizabeth D. Laporte, U.S. Magistrate Judge

Comments:

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

FILED

07 AUG 23 PM 4: 37

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | CR         No.                          WHA |
| Plaintiff,                    ) | VIOLATIONS: 18 U.S.C. § 1341 - Mail Fraud (Ten Counts); 18 U.S.C. |
| v.                            ) | § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture |
| LAUTON JOSHUA, a/k/a Lauton Wells, a/k/a Lauton Trumbo, a/k/a Lauton Joshua Wells, and HELEN LOWE,     ) | SAN FRANCISCO VENUE     WHA |
| Defendants.                   ) | |

## INDICTMENT

The Grand Jury charges:

### BACKGROUND

At all times relevant to this indictment:

SECTION 8 HOUSING

1.   The United States Department of Housing and Urban Development ("HUD") is an agency of the United States, which developed and operated a program to provide federal rental assistance programs under Section 8 of the United States Housing Act of 1937.

2.   This federal rental assistance program under Section 8 aids eligible low income families, who could not otherwise afford housing, by subsidizing a portion of their monthly rent.

3.   Pursuant to an Annual Contributions Contract with HUD, Public Housing Authorities ("PHAs") receives federal funding to develop and operate the Section 8 housing

INDICTMENT

1  program at the city or county level. According to the Section 8 program, PHAs screens
2  applicants for their initial and ongoing low-income eligibility to participate in the program in
3  accordance with HUD Section 8 requirements and standards. As part of its function, the PHAs
4  also issue monthly housing assistance checks directly to the participants' landlord for the
5  subsidized portion of the rent.

6  4.  In order to qualify for Section 8 housing assistance, applicants are required to
7  provide the PHAs with complete and accurate information and documentation relative to the
8  applicant's composition, incomes, and assets. The PHAs then use this information to determine
9  the applicant's eligibility and the amount of assistance for which the applicant qualifies. The
10 applicants are required to provide complete and accurate the information under penalty of
11 violating federal criminal law.

12 5.  The San Francisco Housing Authority ("SFHA") is a PHA and acts on behalf of
13 HUD as an administrator of the Section 8 housing program for the City of San Francisco,
14 California.

15 COUNTS ONE-TEN: (18 U.S.C. § 1341 – Mail Fraud)

16 6.  The allegations in paragraphs 1 through 5 are realleged and incorporated herein as
17 if set forth in full.

SCHEME TO DEFRAUD

19 7.  Between in or about August 1998 and continuing until in or about December
20 2006, in the Northern District of California, the defendants,

LAUTON JOSHUA,
a/k/a Lauton Wells, a/k/a Lauton Trumbo, a/k/a Lauton Joshua Wells,

and

HELEN LOWE,

25 did knowingly devise and intend to devise, and participate in, a material scheme and artifice to
26 defraud SFHA and to obtain money and property by means of materially false and fraudulent
27 pretenses, representations, and promises, and by omitting material facts, as follows:
28      a.  Defendant JOSHUA is the granddaughter of defendant LOWE.

INDICTMENT                                2

1        b.     Defendant JOSHUA has received Section 8 housing benefits each year since 1988. From in or about 1988 through in or about December 2006, JOSHUA identified LOWE as JOSHUA's landlord under the SFHA Section 8 housing program. During said time period, JOSHUA received SFHA subsidization of her rent each month, which was paid by the SFHA directly to LOWE.

      c.     On or about October 17, 1997, JOSHUA signed and submitted to the SFHA a "Statement of Understanding," in which JOSHUA did "certify that the necessity of reporting any and all changes in income and family composition, net family assets, allowances and deductions, at the time they occur has been emphasized strongly." JOSHUA signed and submitted additional "Statement of Understanding" forms to the SFHA, making the same certification "that the necessity of reporting any and all changes in income and family composition, net family assets, allowances and deductions, at the time they occur has been emphasized strongly," on or about October 7, 1998; October 13, 1999; October 19, 2000; October 24, 2001; December 4, 2002; and February 28, 2006.

      d.     On or about October 12, 1998, defendant JOSHUA signed and fraudulently submitted an Employment Verification Form to the SFHA, in which she failed to disclose that she was employed by the U.S. Army, when in fact defendant JOSHUA was then employed by the U.S. Army.

      e.     On or about August 14, 1998, JOSHUA, using her married name of "Lauton Wells," and LOWE purchased and jointly owned a residence at 1405 Swift Court, Suisun City, for approximately $151,000. JOSHUA fraudulently failed to disclose her ownership interest in the residence to the SFHA.

      f.     In or about May 1998, HUD regulations were modified to prohibit the PHAs from approving any Section 8 tenancy if the owner of the unit is the parent, child, grandparent, grandchild, sister, or brother of any member of the Section 8 household. On or about December 4, 1998, defendant JOSHUA signed a "Certification of Non-Related Tenancy" form falsely certifying that she was not "a parent, child, grandparent, grandchild, sister, or brother of any member of the household that is renting or to which I am renting the unit at 151

INDICTMENT           3

1  Margaret," when in fact defendant JOSHUA had identified LOWE, who was in fact JOSHUA's
2  grandmother, as her landlord under the Section 8 housing program. On or about December 9,
3  1998, defendant LOWE signed the same form, also falsely certifying that she did not have a
4  prohibited family relationship with JOSHUA, when in fact JOSHUA was her granddaughter. In
5  or around December 1998, the defendants fraudulently submitted or caused to be submitted said
6  form to the SFHA.
7       g.   On or about December 12, 1998, defendant LOWE signed and submitted
8  to the SFHA a "Housing Assistance Payment Contract" to create a Section 8 tenancy for a
9  residence located at 151 Margaret Avenue, San Francisco, California. On or about December 9,
10 1998, defendant JOSHUA signed a "Lease Addendum" supplementing the Housing Assistance
11 Payment Contract. On or about December 10, 1998, defendant LOWE signed the same "Lease
12 Addendum" form. The defendants submitted the "Lease Addendum" form to the SFHA. The
13 submission of the "Housing Assistance Payment Contract" and the "Lease Addendum" caused
14 the SFHA to send LOWE checks each month for the subsidized portion of JOSHUA's monthly
15 rent at 151 Margaret Avenue, San Francisco, California.
16      h.   During each year from 1998 through 2006, JOSHUA was employed by
17 and received a salary from the U.S. Army. JOSHUA fraudulently failed to disclose her U.S.
18 Army employment or income to the SFHA. During JOSHUA's annual Section 8 eligibility
19 reexaminations with the SFHA in 1999, 2000, 2001, 2002, and 2006, JOSHUA fraudulently
20 submitted to the SFHA income information that reflected an employment other than the U.S.
21 Army and/or a lower annual salary.
22      i.   On March 7, 2006, JOSHUA and LOWE purchased and jointly owned a
23 residence at 1699 Wortell Drive, Lincoln, California, for approximately $530,000. JOSHUA
24 fraudulently failed to disclose her ownership interest in that residence to the SFHA.

### USE OF THE MAILS

26   8.   On or about the dates listed below, in the Northern District of California, for the
27 purpose of executing the aforementioned scheme and artifice to defraud, the defendant,
28              LAUTON JOSHUA,
     a/k/a Lauton Wells, a/k/a Lauton Trumbo, a/k/a Lauton Joshua Wells,

INDICTMENT                    4

did knowingly cause to be delivered by the Postal Service, Section 8 housing checks from SFHA to her purported landlord, viz., the defendant,

HELEN LOWE,

in San Francisco, California as described below:

| Count | Date | From | To | Amount |
|---|---|---|---|---|
| 1 | 5/01/05 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,904 |
| 2 | 6/01/05 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,904 |
| 3 | 7/01/05 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $704 |
| 4 | 8/01/05 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,504 |
| 5 | 9/01/05 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,504 |
| 6 | 10/01/05 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,504 |
| 7 | 12/01/05 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,504 |
| 8 | 2/01/06 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,504 |
| 9 | 3/01/06 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,504 |
| 10 | 4/01/06 | SFHA<br>440 Turk Street<br>San Francisco, CA 94102 | Helen Lowe<br>P.O. Box 320644<br>San Francisco, CA 94132 | $1,504 |

All in violation of Title 18, United States Code, Section 1341.

FORFEITURE ALLEGATION:  (18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture)

9.    The allegations contained in paragraphs 1-8 of this Indictment are hereby

INDICTMENT                                            5

1  realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture
2  pursuant to the provisions of 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c).
3         10.    Upon conviction of the offenses alleged in Counts One-Ten, the defendants,

**LAUTON JOSHUA,**
a/k/a Lauton Wells, a/k/a Lauton Trumbo, a/k/a Lauton Joshua Wells,

and

**HELEN LOWE,**

shall forfeit to the United States all property constituting, or derived from, proceeds obtained directly or indirectly as the result of said offenses, and/or any proceeds traceable to said offenses.

If any of said property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; any and all interest defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461.

DATED:                                              A TRUE BILL.

                                                    _____
                                                    FOREPERSON

SCOTT N. SCHOOLS
United States Attorney

_____
GREG W. LOWDER
Deputy Chief, Major Crimes Section

(Approved as to form: _____ )
                      AUSA FRICK

INDICTMENT                                          6