1  JOSEPH P. RUSSONIELLO (CASBN 44332)
   United States Attorney
2
3  BRIAN J. STRETCH (CASBN 163973)
   Chief, Criminal Division
4  ERIKA R. FRICK (CASBN 208150)
   Assistant United States Attorney
5
6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
      Telephone: (415) 436-6973
7     Facsimile: (415) 436-7234
      Email: erika.frick@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,          )    No. CR 07-0555 WHA
14                                     )
          Plaintiff,                   )    **UNITED STATES' SENTENCING**
15                                     )    **MEMORANDUM AS TO DEFENDANT**
       v.                              )    **LAUTON JOSHUA**
16                                     )
   LAUTON JOSHUA,                      )    Sentencing Date:  May 20, 2008
17 a/k/a Lauton Wells,                 )
   a/k/a Lauton Trumbo,                )
18 a/k/a Lauton Joshua Wells,          )
                                       )
19        Defendant.                   )
                                       )
20 _____)

21

22

23        The government hereby submits this brief Sentencing Memorandum as to defendant

24 LAUTON JOSHUA, a/k/a Lauton Wells, a/k/a Lauton Trumbo, a/k/a Lauton Joshua Wells.

25        Having entered into a plea agreement in No. CR 07-0555 WHA, pursuant to Federal Rule

26 of Criminal Procedure 11(c)(1)(A) and (B), defendant Lauton Joshua stands convicted of one

27 count of Mail Fraud, in violation of 18 U.S.C. § 1341.  In the plea agreement, the government

28 and the defendant agreed to an adjusted offense level between 13 and 14, depending on the loss

CR 07-0555 WHA
SENT. MEMO RE JOSHUA              -1-

1    amount to be determined by this Court.  If the loss amount is at least $120,001, then the adjusted

2    offense level is 14.  If the loss amount is between $70,001 and $120,000, the adjusted offense

3    level is 13.  See Plea Agreement ¶ 7.  The parties did not agree to a Criminal History Category

4    ("CHC").  The government agrees with the Probation Officer's calculation of a CHC of I.  See

5    Presentence Report ("PSR") ¶ 33.  With an offense level of 14 and CHC I, the Guideline

6    sentencing range is 15 to 21 months.  With an offense level of 13, by contrast, the Guideline

7    range is 12 to 18 months.  In the plea agreement, the defendant agreed that a Guideline sentence

8    within the applicable Guideline range would be reasonable, and that she would not seek a

9    sentence below the applicable Guideline range.  Plea Agreement ¶ 8.  She agreed to pay

10   $126,934 in restitution.

11        It is the government's position that the actual loss amount is accurately reflected by the

12   attached spreadsheets, which were obtained from the San Francisco Housing Authority.  See

13   Exhibit A.  The offense conduct was from August 1998 through December 2006.  Plea

14   Agreement ¶ 2.  The government calculates the total loss amount from December 1998 through

15   August 2006 – which almost covers the date range of the offense conduct – as being $127,724.

16   See Exhibit A.  However, the government agreed in the plea agreement not to seek to prove a

17   loss amount higher than $126,934.  Plea Agreement ¶ 7.  It is the government's understanding

18   that the defendant plans to argue that certain loss amounts (possibly from June 2006 to

19   December 2006) are not attributable to the defendant.  Even if that were the case – and it is not –

20   the government calculates the loss amount from January 1999 through May 2006 to be $122,944,

21   which still places the defendant at a total adjusted offense level of 14.  The Probation Officer

22   agrees with the government's assessment of the loss amount and adjusted offense level.

23        The Probation Officer has recommended a low-end sentence of 15 months, and the

24   government concurs in that recommendation.  As the Probation Officer explained in his detailed

25   Presentence Report, a 15-month sentence is adequate but not greater than necessary to

26   accomplish the objectives set forth in 18 U.S.C. § 3553(a).  The sentence of more than one year

27   is a significant sentence for this first-time offender.  Although the offense is serious, especially

28   due to the length of time in which the defendant actively participated in submitting fraudulent

CR 07-0555 WHA
SENT. MEMO RE JOSHUA                    -2-

1  documents, other factors weigh in favor of lenity.  Not only does the defendant have no criminal

2  history, but also she has maintained consistent employment and raised a son, she has improved

3  herself educationally, the offense is non-violent in nature, and the defendant appears to have

4  acted out of concern for her family.  In addition, the defendant has agreed to pay a large amount

5  of restitution.

6         For those reasons, the government agrees with the Probation Officer that a low-end

7  sentence of 15 months is appropriate in this case.

8

9  DATED:  May 13, 2008                          Respectfully submitted,

10                                               JOSEPH P. RUSSONIELLO
                                                 United States Attorney

11

12
                                                 _____/s/_____
13                                               ERIKA R. FRICK
                                                 Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CR 07-0555 WHA
SENT. MEMO RE JOSHUA                    -3-